IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
5:09-MD-1500
ALL CASES

|  |  |  |
|---|---|---|
| IN RE: DOLLAR GENERAL STORES FLSA LITIGATION | ) ) ) ) | **MEMORANDUM and RECOMMENDATION** |

The remaining 27 cases[1] in this consolidated proceeding come before the court on the joint motion (D.E. 51) of the plaintiffs ("moving plaintiffs")[2] and defendant Dolgencorp, Inc. ("defendant"), the sole remaining defendant[3], for an order approving the individual settlements reached in these cases. For the following reasons, it will be recommended that the motion be allowed and the settlements be approved.

## BACKGROUND

In these consolidated actions, plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") against defendant arising from their employment with defendant. The cases were originally filed in the United States District Court for the Northern District of

---

[1] The plaintiffs in these cases are: Melvin Andrews, Larry Ballard, Wanda Basnight, Delphine Boone, Thomas Boos, Donald Civils, Dawn MiMascio, Brenda Dixon, Tony Draughon, Allen Faircloth, Sharon Goodwin, Tonya Gore, Naomi Grabowski, Shelia Harper, Rose Herring, Bernis Holmes, Sandra Hunt, Shirley Kelly-Savage, Harold Leigh, Valerie Mack, Carmen Ortiz, Kenneth Price, Barbara Simmons, Patricia Sparks, Deborah Suggs, Peggy Van Ostran, and Tasha Whitfield. At the time the motion was filed, there were three other cases not subject to settlement agreements but they have been since been dismissed through summary judgment or by stipulation. *Ravas-Houillon v. Dolgencorp, Inc.*, No. 4:09-CV-57-BR (dismissed via summary judgment; *see* D.E. 59, 60); *Rogers-Andrews v. Dolgencorp, Inc.*, No. 4:09-CV-58-BR (dismissed via summary judgment; *see* D.E. 59, 62); *Watts v. Dolgencorp, Inc.*, No. 7:09-CV-53-FL (dismissed by stipulation with prejudice; *see* D.E. 52, 56).

[2] All citations to docket entry numbers in this Memorandum and Recommendation are to those in the master docket for these consolidated cases, not the dockets in individual cases. Page citations refer to the numbers assigned by the court's CM/ECF electronic filing system.

[3] By stipulation in each case, the parties agreed that Dolgencorp, Inc. is the proper party defendant and that other related entities that had been named as defendants no longer are defendants. (*See, e.g.*, Notice of Stipulation (D.E. 24), *Andrews v. Dolgencorp, Inc.*, No. 4:09-CV-51-BR (E.D.N.C.)).

Alabama as a collective action, but were later decertified and transferred to the Eastern District of North Carolina. Each plaintiff contends that he or she was misclassified by defendant as an "exempt" employee and worked more than 40 hours in a workweek without overtime pay. Plaintiffs seek unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. Defendant generally denies each plaintiff's material allegations. As indicated, the moving plaintiffs and defendant have now reached settlements in the individual cases, for which they seek court approval.

The parties have submitted a substantial amount of material in support of their motion for approval. Attached to the motion itself is a stipulation by the parties (D.E. 51-1) to the effect that the settlement agreements are fair. Also attached are copies of six opinions (D.E. 51-2 to -7) from other courts in cases comparable to those at issue here in which summary judgment was granted against the plaintiffs.[4] These opinions are offered as evidence that the moving plaintiffs face a genuine risk of recovering nothing on their claims.

Pursuant to an order entered 20 May 2011 (D.E. 67), the parties supplemented these submissions by filing copies of the individual settlement agreements themselves (D.E. 70 to 73, 75 to 93, 95 to 99). Each settlement agreement is accompanied by a memorandum by defendant (*e.g.*, D.E. 70-1) detailing the reasons why it believes the settlement should be approved. Attached to each memorandum is a copy of a chart (*e.g.*, D.E. 70-2) showing for each of the moving plaintiffs the range of their potential recovery using the damages calculation method defendant advocates[5] and copies of eleven opinions (*e.g.*, D.E. 70-3 to -13) from this and other courts in cases comparable to

---

[4] One of these opinions (D.E. 51-3) is a Report and Recommendation ("R&R"), dated 6 May 2010, by a magistrate judge that was later adopted by the court. (*See* 17 June 2010 Order (D.E. 63), *King v. Dolgencorp, Inc.*, No. 3:CV-09-0146 (M.D. Pa.) (adopting R&R at D.E. (M.D. Pa.) 62 and D.E. (E.D.N.C.) 51-3).

[5] This method is referred to as the fluctuating workweek method and is described in the joint memorandum filed in support of the motion for approval. (*See* Jt. Mem. (D.E. 74) 3-4).

2

the instant cases in which summary judgment was granted against the plaintiffs. These opinions include those attached to the motion.

Also in accordance with the 20 May 2011 order, the parties filed a joint memorandum (D.E. 74) supporting approval of the settlements as a group. Attached to this memorandum is a chart (D.E. 74-2) showing the potential recovery by the moving plaintiffs using the method of damages calculation they advocate.[6] Also attached are the following materials: a chart showing for each case the fees and expenses allegedly incurred by the moving plaintiffs' attorneys (D.E. 74-3); a summary chart ("Summary Chart") (D.E. 74-8) showing for each case the fees and expenses requested by the moving plaintiffs' counsel as well as the settlement amount to be received by each moving plaintiff; a time log for moving plaintiffs' attorney C. Lance Gould ("Gould") and others at his firm (D.E. 74-4) for work and expenses incurred in the cases at issue (representing the vast majority of fees and expenses incurred) and a supporting affidavit by Gould (D.E. 74-5); and a time log for moving plaintiffs' attorney Roman A. Shaul ("Shaul") (D.E. 74-6) for work and expenses incurred in the cases at issue and a supporting affidavit by Shaul (D.E. 74-7).

By separate motion (D.E. 94), the parties have moved to permanently seal the documents they filed in response to the 20 May 2011 order. The court is addressing that motion by separate order.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS FOR FLSA SETTLEMENTS

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing

---

[6] This method, which uses an effective hourly rate, is described in the parties' joint memorandum and contrasted with the method defendant advocates. (*See* Jt. Mem. 3).

3

*D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946)); *accord Howell v. Dolgencorp, Inc.*, NO. 2:09-CV-41, 2011 WL 121912, at *1 (N.D. W. Va. 13 Jan. 2011) ("[C]laims for unpaid wages arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor."); *Hoffman v. First Student, Inc.*, No. WDQ-06-2882, 2010 WL 1176641, at *2 (D. Md. 23 Mar. 2010) ("FLSA settlements also must be approved by the court."). Court approval of an FLSA settlement is appropriate where the settlement proposed by the parties constitutes a reasonable compromise of the parties' bona fide disputes. *Patterson v. Richmond Sch. of Health and Tech., Inc.*, No. 3:10-CV-368, 2010 WL 4902046, at *1 (E.D. Va. 4 Nov. 2010) ("[W]hen a proposed settlement reflects a reasonable compromise over bona fide disputes, then court approval promotes the policy of encouraging settlement while protecting an employee's rights under FLSA."). There is a presumption in favor of approving a settlement as fair, *Lomascolo v. Parsons Brincerkhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. 28 Sept. 2009), but court review is appropriate to ensure fairness to the parties, *Lopez v. NTI, LLC*, No. DKC 08-1579, 2010 WL 3703287, at *4 (D. Md. 16 Sept. 2010) ("Courts have consistently recognized that judicially supervised FLSA settlements rest on a different footing than privately orchestrated ones, such that judicially supervised settlements may resolve--in some circumstances--genuine disputes for less than 'full value.'").

While the factors a court must consider in determining whether a proposed FLSA settlement is fair are not uniform, courts generally consider: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount

of the settlement in relation to the potential recovery." *Howell*, 2011 WL 121912, at * 2 (citing *Patterson*, 2010 WL 4902046, at *1); *accord Poulin v. General Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D.Va. 5 May 2010) (same); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Where, as here, the settlement agreements also provide for the award of attorneys' fees and costs to plaintiffs, as the prevailing parties under 29 U.S.C. § 216(b), the court's evaluation of the fairness of the settlement agreements must include a determination whether the attorneys' fees and costs are reasonable. *See, e.g., Howell*, 2011 WL 121912, at * 3. A reasonable fee is calculated by first determining the lodestar amount–a reasonable hourly rate multiplied by the reasonable number of hours expended–applying the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Jackson v. Estelle's Place, LLC*, 391 Fed. Appx. 239, 241 (4th Cir. 2010); *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The court then subtracts fees for hours spent on unsuccessful claims unrelated to the successful ones and awards some percentage of the remaining amount depending on the degree of success obtained by the plaintiffs. *Jackson*, 391 Fed. Appx. at 241; *Grissom*, 549 F.3d at 320-21.

## II. APPLICATION OF FACTORS FOR EVALUATING FLSA SETTLEMENTS

The court turns now to application of the foregoing factors to the settlements at issue. It begins with analysis of the five general factors applicable to settlement agreements and then addresses attorneys' fees and costs in particular.

5

A.  **Extent of Discovery Conducted**

In this case, the parties conducted substantial general discovery prior to transfer of the cases to this district. The parties agreed that they would each be allowed to rely on the prior discovery following the transfer. (*See generally* Case Management Order (D.E. 1) 2). After the transfer, the parties continued to engage in discovery and this court held regular status conferences to ensure that the litigation continued to move forward efficiently. (*See, e.g.,* D.E. 7, 8, 10, 12, 17). The court is satisfied the parties have had adequate time to assess each others' claims and defenses, and to properly weigh the benefits of a settlement before trial.

B.  **Stage of Proceedings**

The parties have completed discovery. Therefore, the settlements, if approved, would enable them to avoid the time and expense of further litigation to resolve the moving plaintiffs' claims, whether through summary judgment or trial.

C.  **Absence of Fraud or Collusion**

The court finds that there is a complete absence of evidence of fraud or collusion. It is clear from the record and the undersigned's numerous interactions with counsel that while they were professional in their dealings with one another, they zealously pursued their respective clients' interests.

D.  **Experience of Plaintiffs' Counsel**

Counsel for both parties are attorneys with significant experience handling matters such as the instant litigation. Indeed, other courts have deemed the same counsel to have adequate experience for purposes of this factor. *See, e.g., Howell*, 2011 WL 121912, at *2; *Weller v. Dolgencorp*, No. 3:09-CV-22, 2011 WL 121914, at *2 (N.D. W. Va. 13 Jan. 2011); *Bosley v. Dolgencorp*, No. 2:09-

6

CV-43, 2011 WL 124501, at *2 (N.D. W. Va. 13 Jan. 2011). The fact that the settlements were negotiated by able counsel in an arms-length manner lends credence to the notion that the settlements reached are in the best interests of all parties. *Howell*, 2011 WL 121912, at *3.

E. **Probability of Plaintiffs' Success and Amount of Projected Recovery**

The court has considered the potential recovery by the moving plaintiffs under the methods of calculation advocated by both sides. (*See* D.E. 74-2 (potential recovery using plaintiffs' method); D.E. 70-2 (potential recovery using defendant's method). It has evaluated this information in light of the probability of the moving plaintiffs' success, taking into account specifically the entry of summary judgment by this court[7] and other courts against plaintiffs in cases similar to those at issue. The court concludes that the amounts payable to the moving plaintiffs under the settlement agreements (*see* Summary Chart 2 col. 6) are fair and reasonable under the circumstances presented.

F. **Attorneys' Fees and Costs**

Counsel for the moving plaintiffs incurred fees and expenses in an amount specified in the Summary Chart. (*See* Summary Chart 2 cols. 3-5). The fees are based on an hourly rate of either $375.00 or $250.00, and over 100 hours of work, which is described in the time logs of Gould (D.E. 74-4) and Shaul (D.E. 74-6).[8] The court finds that the hourly rates and number of hours worked are reasonable considering the *Johnson* factors. (*See, e.g.*, Gould Aff. ¶¶ 2, 3, 5, 6; Shaul Aff. ¶¶ 2, 3,

---

[7] *Ravas-Houillon v. Dolgencorp, Inc.*, No. 4:09-CV-57-BR (E.D.N.C.) (summary judgment granted for defendant; *see* D.E. 59, 60); *Rogers-Andrews v. Dolgencorp, Inc.*, No. 4:09-CV-58-BR (E.D.N.C.) (same; *see* D.E. 59, 62).

[8] The time logs show fees incurred in all 30 cases that had been brought in this court. (*See* Gould Time Log 4 n.1; Shaul Time Log 2 n.1). As represented in the footnotes cited, the fees attributed to the 27 cases at issue equal 90 percent (*i.e.*, 27/30) of the fees shown in the logs. (*See* Summary Chart 2 col. 4).

7

5, 6). Although the expenses are not documented, they appear reasonable in light of the amount of work performed.

The amount of fees and expenses to be paid the moving plaintiffs' counsel under the settlement is also set forth in the Summary Chart. (*See* Summary Chart 2 cols. 7-9).[9] There do not appear to be unsuccessful claims unrelated to the successful ones, which could reduce the amount otherwise properly payable. In addition, the total payment adequately accounts for the level of success the moving plaintiffs obtained. The court finds the total payment to the moving plaintiffs' counsel pursuant to the parties' settlement to be reasonable.

### G. Summary of Factors

The foregoing analysis shows that all the relevant factors weigh in favor of approval of the settlement agreements. The court concludes that each of the individual settlements at issue is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1355. The settlement agreements should therefore be approved.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the parties' joint motion (D.E. 51) for an order approving individual settlements be ALLOWED and the individual settlements in the remaining cases in this consolidated proceeding be APPROVED.

IT IS ORDERED that the Clerk shall file this Memorandum and Recommendation in the following cases:

*Basnight v. Dolgencorp, Inc.*, 2:09-CV-14-BR
*Andrews v. Dolgencorp, Inc.*, 4:09-CV-51-BR

---

[9] To the extent of interest, *compare* Summary Chart 2 col. 9 *with id.* col. 6 to see the relationship between the total payment to the moving plaintiffs' attorneys and the recovery by plaintiffs.

*Boone v. Dolgencorp, Inc.*, 4:09-CV-52-FL
*Boos v. Dolgencorp, Inc.*, 4:09-CV-53-FL
*Civils v. Dolgencorp, Inc.*, 4:09-CV-54-BR
*Harper v. Dolgencorp, Inc.*, 4:09-CV-55-BR
*Price v. Dolgencorp, Inc.*, 4:09-CV-56-F
*Suggs v. Dolgencorp, Inc.*, 4:09-CV-59-F
*VanOstran v. Dolgencorp, Inc.*, 4:09-CV-60-FL
*Whitfield v. Dolgencorp, Inc.*, 4:09-CV-61-FL
*Ballard v. Dolgencorp, Inc.*, 5:09-CV-129-F
*DiMascio v. Dolgencorp, Inc.*, 5:09-CV-134-FL
*Dixon v. Dolgencorp, Inc.*, 5:09-CV-135-FL
*Faircloth v. Dolgencorp, Inc.*, 5:09-CV-136-F
*Goodwin v. Dolgencorp, Inc.*, 5:09-CV-137-FL
*Grabowski v. Dolgencorp, Inc.*, 5:09-CV-138-FL
*Herring v. Dolgencorp, Inc.*, 5:09-CV-139-FL
*Ortiz v. Dolgencorp, Inc.*, 5:09-CV-140-FL
*Sparks v. Dolgencorp, Inc.*, 5:09-CV-141-H
*Draugon v. Dolgencorp, Inc.*, 7:09-CV-45-H
*Gore v. Dolgencorp, Inc.*, 7:09-CV-46-BR
*Holmes v. Dolgencorp, Inc.*, 7:09-CV-47-FL
*Hunt v. Dolgencorp, Inc.*, 7:09-CV-48-F
*Kelly-Savage v. Dolgencorp, Inc.*, 7:09-CV-49-H
*Leigh v. Dolgencorp, Inc.*, 7:09-CV-50-F
*Mack v. Dolgencorp, Inc.*, 7:09-CV-51-F
*Simmons v. Dolgencorp, Inc.*, 7:09-CV-52-F

IT IS FURTHER ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 29 August 2011, or such other date as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any responses to objections shall be filed by 6 September 2011 or seven days after service of the objections (subject to Fed. R. Civ. P. 6(a)(1)(C)), whichever is earlier, except as otherwise ordered.

SO ORDERED, this 22 day of August 2011.

_____
James E. Gates
United States Magistrate Judge